IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROBERT MOORE, on behalf of himself
and all other entities and persons
similarly situated                                                               PLAINTIFF

V.                              4:19CV00556 JM

CITY OF LITTLE ROCK, et al,                                              DEFENDANTS

# ORDER

Pending is Plaintiff's motion for Rule 23 class certification. The Defendants have responded to the motion. For the reasons set forth below, the motion is granted with certain clarification.

I.      Facts

Plaintiff, on behalf of himself and others similarly situated, challenges the constitutionality of Article IX of the City of Little Rock's Code of Ordinances (the "Rental Inspection Code" or "RIC"). The provisions of the Rental Inspection Code apply to all rental housing units in Little Rock, including houses, apartments, manufactured homes and mobile homes. Under the RIC, it is unlawful for an owner to rent any housing unit without a certificate of compliance for each unit. Plaintiff contends that to obtain a certificate of compliance a property owner must pay for a business license and preemptively agree to unlawful searches. Plaintiff alleges that the Defendants have an established custom of coercing unlawful searches through threat of loss of property, privacy, or liberty.

II.     Rule 23 Class Certification Standard

To be certified as a class, a plaintiff has the burden of showing that all of the

1

requirements of Rule 23(a) are met. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if :  (1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R.Civ. P. 23(a)). These requirements are commonly referred to as: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.

In addition to the requirements of Rule 23(a), Plaintiff must also show that his claims fall within one of the categories of Rule 23(b). Plaintiff seeks to certify his class under Rule 23(b)(3), the so-called "common question" or "damages" class action. To certify a class action under Rule 23(b)(3), the Court must find that: 1) common questions predominate over any questions affecting only individual members; and 2) class resolution is superior to other available methods for the fair and efficient adjudication of the controversy. *Blades v. Monsanto Co.,* 400 F.3d 562, 568-569 (8th Cir. 2005) (citing Fed. R.Civ. P. 23(b)(3); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615(1997)). A district court has broad discretion in determining a motion for class certification and should conduct a rigorous Rule 23 analysis before certifying a class. *Spence v. Glock, Ges.m.b.H,* 227 F.3d 308, 310 (5th Cir. 2000).

"In performing this rigorous analysis, '[a] court is not bound by the proposed definitions of the class,' *Smith v. Brown & Williamson Tobacco Corp.*, 174 F.R.D. 90, 92 n.2 (W.D. Mo. 1997) (citation omitted), and 'has the authority to redefine a proposed class in such a way as to allow the class action to be maintained.'" *Murphy v. Gospel for Asia, Inc.,* 327 F.R.D. 227, 234 (W.D. Ark. 2018) (quoting *In re Zurn Pex Plumbing Prods. Liability Litig*., 267 F.R.D. 549, 558 (D. Minn. 2010); *see also Davoll v. Webb*, 194 F.3d 1116, 1146 (10th Cir. 1999) (courts have

"broad discretion" to "modify the definition" of the class); *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ("[H]olding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action, particularly in the formation of a workable class definition.").

I. Discussion

In his motion, Plaintiff seeks certification of the following class:

> All owners or agents of any rental housing unit in Little Rock, Arkansas who were subject to a search or a request for a search from November 3, 2014 through December 31, 2017.

Plaintiff contends that the class members' claims involve a common question of law: the constitutionality of the Rental Inspection Code, including a violation of procedural and substantive due process, unlawful searches, excessive fines, and equal protection violations under the guise of the RIC. They make additional class-wide claims under the Arkansas Civil Rights Act including retaliation, interference, coercion, and intimidation.

A. Rule 23(a)

1. Numerosity

"[T]he numerosity requirement of Rule 23(a)(1) requires an inquiry into whether the class is "so numerous that joinder of all members is impracticable." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982). "No arbitrary rules regarding the necessary size of classes have been established." *Id.* (citing *Boyd v. Ozark Air Lines, Inc.*, 568 F.2d 50, 54 (8th Cir. 1977)). Plaintiff claims, and the Defendants do not dispute, that there are 1,138 class members which Plaintiff has ascertained from the Defendants' records. The Court finds that eleven hundred class members is more than enough to satisfy the numerosity requirement in this case. Joinder of this many individuals would be impracticable.

2. <u>Commonality</u>

"Rule 23(a)(2) requires that there be common questions of law or fact among the members of the class. The rule does not require that every question of law or fact be common to every member of the class[.]" *Paxton,* 688 F.2d at 561 (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974); *Like v. Carter*, 448 F.2d 798, 802 (8th Cir. 1971), cert. denied, 405 U.S. 1045, 92 S.Ct. 1309, 31 L.Ed.2d 588 (1972)). "To satisfy Rule 23(a)(2), plaintiffs must show their claims involve a common question or contention "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. The mere presence of one or more common questions is not enough; rather, the district court must examine the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Postawko v. Missouri Dep't of Corr.,* 910 F.3d 1030, 1038 (8th Cir. 2018) (internal quotes and citations omitted).

Plaintiff argues that Defendants have engaged in the same course of conduct with all class members. Plaintiff states that some of the evidence which the class will use to prove its claims are the Defendants' letters demanding to perform warrantless inspections, letters and reports documenting warrantless inspections, and certificates of compliance documenting warrantless inspections. Plaintiff contends that these documents will prove that, pursuant to the RIC, the Defendants require all class members to surrender their rights and their tenants' rights to be free from unlawful searches as a condition to renting property. Plaintiff contends that this evidence will also prove that that members of the class had to give up this right without notice that they could refuse to consent to a search or that they could request a pre-deprivation hearing before an impartial decisionmaker. The letters also state that Plaintiff and class members who

fail to correct a life safety violation of the RIC within seven days will be issued a citation for appearance in municipal court. Plaintiff claims that Defendants enforced these unlawful practices against Plaintiff and class members in the same way.

Defendants argue that there cannot be commonality because the claims alleged and the law applicable to the class require analysis on a case by case basis. The Court finds that Plaintiff has met his burden of establishing the commonality requirement. All class members share the common questions of whether the RIC and ordinances supporting it are unconstitutional and whether Defendants should be enjoined from enforcing the RIC. The answer to these questions will resolve issues central to the validity of each class members' claim.

3. Typicality

"Typicality under Rule 23(a)(3) means that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc*., 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977)). The burden is "fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995). "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Alpern*, 84 F.3d at 1540 (quoting *Donaldson,* 554 F.2d at 830). "Commonality and typicality 'tend to merge' because both of them 'serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Young v.*

*Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012) (quoting *Wal-Mart Store, Inc. v. Dukes*, 1564 U.S. 338, 349 n.5 (2011)).

Defendants do not make any argument regarding typicality of the class. As stated, the claims made by Plaintiff on behalf of the class members involve the same course of conduct by Defendants. Defendants may have individualized defenses to the claims of some class members. However, "[s]light factual variations in the individual claims will not normally preclude class certification." *Walls v. Sagamore Ins. Co.*, 274 F.R.D. 243, 254 (W.D. Ark. 2011) (citing *Alpern*, 84 F.3d at 1540). The Court finds Plaintiff's claims are typical of the class.

    4. <u>Fair and Adequate Representation of the Class</u>

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. [A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26, 117 S. Ct. 2231, 2250–51, 138 L. Ed. 2d 689 (1997) (internal citations omitted). Plaintiff's claims are based upon the same evidence as will be used by the class members. Plaintiff may have some individual evidence to present. However it does not predominate over the class claims. There is no evidence that Plaintiff has a conflict of interest with the class. He has diligently prosecuted this case and has retained competent legal counsel. Plaintiff's attorneys, Kevin Lemley and Chris Corbitt, appear to have extensive class action experience and there has been no argument or evidence presented by Defendants that Mr. Lemley and Mr. Corbitt cannot fully and adequately represent this class. (ECF No. 18-6). From the record, the Court finds that the Plaintiff has proven that he and his counsel can fairly and adequately protect the interests of the class.

B. Rule 23(b)(3)

The focus of Rule 23(b)(3) is that common issues predominate over individual issues and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. "To satisfy the 'predominance' standard, plaintiffs must show that [their claims] can be proven on a systematic, class-wide basis." *In re Prempro*, 230 F.R.D. 555, 566 (quoting *Blades*, 400 F.3d at 569). This requirement "tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623-24. "Determining whether common issues predominate and the class action is superior requires consideration of the relevant claims, defenses, facts, and substantive law presented." *In re Prempro*, 230 F.R.D. at 566. "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Blades*, 400 F.3d at 566.

With regard to the claim that the RIC is unconstitutional on its face, Defendants appear to concede that common issues predominate over individual issues. However, Defendants argue that Plaintiff's claims regarding the constitutionality of the RIC as it has been applied to class members cannot be determined on a class-wide basis because the facts relating to each inspection, or request for inspection, will vary.

The main issue with regard to all class members is whether Defendants should be enjoined from executing the RIC and its supporting ordinances. The Court has already found that common questions of law and fact predominate over individual questions of law and fact in this dispute. Resolving the issues on a class-wide basis will be more efficient and cost-effective than litigating the issues as to each of the hundreds of owners or agents of rental housing units in

Little Rock who were subject to a search, or a request for a search, within the given time frame. As for individual damage claims, the Court will consider bifurcation of those issues if the evidence warrants.

    C.  Class Definition

"The requirement that a class be clearly defined is designed primarily to help the trial court manage the class. It is not designed to be a particularly stringent test, but plaintiffs must at least be able to establish that the general outlines of the membership of the class are determinable at the outset of the litigation." *Id.* (quoting *Bynum v. Dist. of Columbia*, 214 F.R.D. 27, 31 (D.D.C. 2003)). The Court finds that the inclusion of the word "licensed" in the class definition would make the class more clearly ascertainable. Although it is implied that all owners or agents of rental housing units in Little Rock must be licensed because licensing is part of the Plaintiff's allegation of unconstitutionality, the Court finds that requiring class members to be licensed clarifies the boundaries of the definition. *See Murphy*, 327 F.R.D. at 558 ("The description of a proposed class must be sufficiently definite to permit class members to be identified by objective criteria.").

The defined class will be as follows:

> All licensed owners or agents of any rental housing unit in Little Rock, Arkansas who were subject to a search or a request for a search from November 3, 2014 through December 31, 2017.

    I.  Conclusion

Plaintiff's motion to certify the proposed class (ECF No. 17) is GRANTED with the clarification of the class definition. Plaintiff is appointed as the Representative of the class and Plaintiff's counsel is approved as the class counsel.

IT IS SO ORDERED this 14th day of September, 2020.

                                                                            _____
                                                                            James M. Moody Jr.
                                                                            United States District Judge